J-S83018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE JACKSON | : | |
| | : | |
| Appellant | : | No. 576 WDA 2018 |

Appeal from the PCRA Order March 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007527-2000,
CP-02-CR-0016994-2000

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                              **FILED MAY 30, 2019**

Appellant, Dewayne Jackson, appeals *pro se* from the order denying his

serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.  We affirm.

In a memorandum disposing of Appellant's direct appeal, a panel of this

Court set forth the facts of this case as follows:

> In the early morning hours of August 27, 1997, Barbara Flewellen
> and her daughter, Melkeya Brown, were out celebrating Ms.
> Brown's 21st birthday in the Homewood section of the City of
> Pittsburgh.  As they crossed the street, Appellant approached
> them brandishing a gun and demanded Ms. Brown's necklace.  The
> victim, Todd Snyder, was standing on the sidewalk and criticized
> Appellant for bothering the women.  After Ms. Brown gave
> Appellant the necklace, the women turned to leave and heard
> Appellant and the victim arguing which was immediately followed
> by the sound of gunshots.  Police and paramedics soon arrived,
> and Mr. Snyder was pronounced dead at the scene. The cause of
> death was multiple gunshot wounds.  Appellant was arrested

several weeks later and charged with the murder of Mr. Snyder and robbery of Ms. Brown.

*Commonwealth v. Jackson*, 830 A.2d 1046, 1681 WDA 2001 (Pa. Super. filed May 12, 2003) (non-precedential decision at 1-2).

At separate docket numbers, Appellant was charged with one count each of criminal homicide and robbery.[1] On June 13, 2001, a jury convicted Appellant of first-degree murder and robbery. On August 28, 2001, the trial court sentenced Appellant to serve a term of incarceration of life for the murder conviction and a consecutive term of incarceration of five to fifteen years for the robbery conviction.

On May 12, 2003, this Court affirmed Appellant's judgment of sentence. *Jackson*, 830 A.2d 1046, 1681 WDA 2001 (non-precedential decision). On March 24, 2004, our Supreme Court granted Appellant's petition for allowance of appeal. *Commonwealth v. Jackson*, 847 A.2d 58 (Pa. 2004). However, on October 7, 2004, the appeal was dismissed as having been improvidently granted. *Commonwealth v. Jackson*, 857 A.2d 1292 (Pa. 2004).

On November 10, 2005, Appellant timely filed his first PCRA petition. Counsel was appointed, an amended petition was filed, and hearings were held on August 16 and 20, 2007. The PCRA court denied relief on February 1, 2008. This Court affirmed the order denying relief on February 20, 2009, and Appellant's petition for allowance of appeal to our Supreme Court was

---

[1] 18 Pa.C.S. §§ 2501 and 3701, respectively.

denied on July 22, 2009. ***Commonwealth v. Jackson***, 970 A.2d 469, 257 WDA 2008 (Pa. Super. filed February 20, 2009) (non-precedential decision), *appeal denied*, 981 A.2d 218 (Pa. 2009).

Appellant filed a second PCRA petition on March 26, 2014. On May 28, 2014, the PCRA court dismissed the petition as untimely filed. Appellant then appealed to this Court, and on October 30, 2014, we *sua sponte* quashed due to the appeal having been untimely filed.

Appellant filed the instant PCRA petition on September 28, 2017. On March 9, 2018, the PCRA court dismissed the petition. This timely appeal followed.[2]

Appellant presents the following issues for our review, which we reproduce verbatim:

> APPELLANT CHALLENGES HIS CONVICTION AS TAINTED, BY KNOWINGLY PERJURED TESTIMONY IN VIOLATION OF HIS FOURTEENTH AMENDMENT, RIGHT TO DUE PROCESS, WHICH LED TO A MISCARRIAGE OF JUSTICE, TO SHOW APPELLANT'S INNOCENCE.

_____

[2] We observe that Appellant's notice of appeal lists two trial court docket numbers. On June 1, 2018, our Supreme Court decided ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018). Citing the official note to Pa.R.A.P. 341, the **Walker** Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets. However, our Supreme Court applied **Walker** prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." **Walker**, 185 A.3d at 977. Because **Walker** was decided after the instant appeal was filed, we will not apply it, and we decline to quash this single appeal.

THE COMMONWEALTH FAILED TO DISCLOSE POLICE PHOTO I.D. 267966, THAT APPELLANT WAS PICKED OUT OF ON AUGUST 27, 1997, BY ROBBERY WITNESS MELKEYA BROWN AND BARBRA BROWN, WHICH CAUSED A BRADY VIOLATION FOR APPELLANT TO PROPERLY PREPARE FOR TRIAL.

Appellant's Brief at 1.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the

merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

As previously noted, our review of the record reflects that Appellant's judgment of sentence was affirmed by this Court on May 12, 2003. *Jackson*, 830 A.2d 1046, 1681 WDA 2001. On October 7, 2004, our Supreme Court ultimately dismissed Appellant's appeal as having been improvidently granted.

_____

[3] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

*Commonwealth v. Jackson*, 857 A.2d 1292 (Pa. 2004). However, Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on January 5, 2005, ninety days after the Pennsylvania Supreme Court dismissed Appellant's appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on September 28, 2017, is patently untimely.

Our review of the certified record reflects that Appellant attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States," 42 Pa.C.S.§ 9544(b)(1)(iii), with reliance upon the United States Court of Appeals for the Third Circuit's decision in ***Haskell v. Superintendent Greene SCI***, 866 F.3d 139 (3d Cir. 2017). PCRA Petition, 9/28/17, at 1, Appendix at 3. However, the decision in ***Haskell*** does not qualify as a new constitutional right exception because it did not set forth a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania. Rather, ***Haskell*** relies on a line of United States Supreme Court cases to find that a constitutional violation exists where

the prosecution in a criminal matter either knew testimony was false, or should have known that testimony was false. **Haskell**, 866 F.3d at 146. Thus, Appellant has not carried his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Hence, the PCRA court did not commit any error in dismissing Appellant's petition as untimely.

In conclusion, the PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2019